IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

| | | |
|---|---|---|
| ZINA TAGGART, CHICHITHA REDIX, TAKEELA POWELL, LOVIE NOLDEN, TELISHA MCDOWELL, SHANNIKA GRAGG, and STACY BROACH, EACH INDIVIDUALLY AND ON BEHALF OF OTHERS SIMILARLY SITUATED | | PLAINTIFFS |
| v. | Case No. 5:12-cv-0144-KGB | |
| DAVIS NURSING ASSOCIATION d/b/a DAVIS LIFE CARE CENTER, HAZEL STREET NURSING ASSOCIATION d/b/a DAVIS EAST, KENNY M. BONDS, JR. and JOE D. RATLIFF, individually and in their official capacities | | DEFENDANTS |

**OPINION AND ORDER**

Before the Court is defendants' Motion to Strike Request for Jury Trial (Dkt. No. 18). Plaintiffs have responded in opposition (Dkt. No. 19). The motion is denied. The case will be set for a jury trial. The Court's Final Scheduling Order, which will be issued by separate order, will also reflect that this case is set for jury trial.

On April 24, 2012, plaintiffs filed this collective action alleging violations of the Fair Labor Standards Act ("FLSA"). Defendants answered the complaint on May 5, 2011. Neither the complaint nor the answer include a jury demand. On June 18, 2012, the Court issued its Initial Scheduling Order, which states as follows: "The case will be scheduled for BENCH trial before United States District Judge Kristine G. Baker commencing at 9:00 a.m. sometime during the week as set forth above in Pine Bluff" (Dkt. No. 13). On July 18, 2012, the parties filed a joint Rule 26(f) report in which both sides acknowledged that "[t]his case is scheduled for a bench trial" (Dkt. No. 16). Also on July 18, 2012, plaintiffs filed a Request for Jury Trial (Dkt. No. 18).

Rule 38 of the Federal Rules of Civil Procedure preserves litigants' Seventh Amendment or statutory right to a trial by jury. Under Rule 38, a party may demand a jury trial by (1) serving the other parties with a written demand, which may be included in a pleading, no later than 14 days after the last pleading directed to the issue is served and (2) filing the demand in accordance with Rule 5(d). Rule 38 also provides that "[a] party waives a jury trial unless its demand is properly served and filed."

Rule 38 must be read in conjunction with Rule 39, which provides that "the court may, on motion, order a jury trial on any issue for which a jury trial might have been demanded." Fed. R. Civ. P. 39(b). The Eighth Circuit has stated that courts "ought to approach each application under Rule 39(b) with an open mind." *Littlefield v. Fort Dodge Messenger*, 614 F.2d 581, 585 (8th Cir. 1980) (citation omitted). Further, "jury trials ought to be liberally granted *when no prejudice results*." *Id.* (emphasis added).

"Although the Eighth Circuit has not established a particular standard to apply to Rule 39(b), courts have generally looked at the totality of the circumstances and considered these factors in particular: whether the issues to be tried are best tried to a jury; whether granting the motion would disrupt the court's schedule or that of the adverse party; the degree of prejudice to the adverse party; the length of the delay in having requested a jury trial; and the reason for the movant's tardiness in requesting a jury trial." *Kesler v. Home Depot USA, Inc.*, No. 4:08-cv-000924-JLH, 2009 WL 2241352, *1 (E.D. Ark. July 24, 2009) (citing *Harrington v. Wilber*, 384 F. Supp. 2d 1321, 1324 (S. D. Iowa 2002)).

In this case, after considering each of those factors, the Court concludes that defendants' motion to strike plaintiffs' belated jury demand should be denied. As an initial matter, the Court

2

notes that defendants' motion to strike takes issue only with plaintiffs' delay in demanding a jury trial.

The first factor weighs in favor of granting a jury trial and denying the motion to strike. As plaintiffs assert, their FLSA claims are best tried to a jury because they likely contain a significant number of factual issues that are traditionally within the province of the jury. Defendants do not contest this point. As for the second factor, although the Court has more flexibility scheduling bench as opposed to jury trials, granting a jury trial here would not cause significant disruption of the Court's schedule because this litigation is in the early stages. In fact, the Court has yet to issue its Final Scheduling Order. Third, defendants have not alleged or shown that granting a jury trial would cause defendants to suffer prejudice. Fourth, considering the totality of the circumstances, plaintiffs' delay of approximately two months in demanding a jury trial is not determinative in this case. The Court declines to delineate a bright-line rule regarding what length of delay is excusable and what length of delay is inexcusable because that factor cannot be considered in isolation. Rather, given the totality of the circumstances, the Court finds that the length of delay does not warrant striking the jury demand. Finally, plaintiffs concede that the only reason for their tardiness in demanding a jury was inadvertence.

For these reasons, defendants' Motion to Strike Request for Jury Trial (Dkt. No. 17) is denied. The case will be set for a jury trial. The Court's Final Scheduling Order, which will be issued by separate order, will also reflect that this case is set for jury trial.

SO ORDERED this the 15 day of August, 2012.

_____
Kristine G. Baker
United States District Judge